**BAUGHMAN v. PITCHFORK LAND & CATTLE CO.**

No. 7930.

Circuit Court of Appeals, Fifth Circuit.

Dec. 8, 1936.

Rehearing Denied Jan. 12, 1937.

Gabe P. Allen and S. Austin Wier, both of Dallas, Tex., for appellant.

Chas. C. Crenshaw, of Lubbock, Tex., for appellee.

Before FOSTER, SIBLEY, and HOLMES, Circuit Judges.

SIBLEY, Circuit Judge.

The errors assigned relate to the instruction of a verdict for the defendant, Pitchfork Land & Cattle Company. The plaintiff, Roy De Witt Baughman, sued for a personal injury suffered while painting the inside of a metal tank about six feet in diameter and heighth and having a manhole through the top. One Taylor, who was helping him paint, after both were becoming sickened from the paint fumes, proposed to smoke and without objection from Baughman struck a match and threw it upon the bottom of the tank. The paint or the fumes took fire there and the flames ran over the freshly painted sides and before both could escape through the manhole Baughman was burned. He argues here that his employer was negligent in not affording him a safe place to work, in not warning him of the danger of the work, and in allowing Taylor to smoke while at the work. The employer argues that no negligence on its part is shown, that Baughman needed no warning because he knew the danger and assumed the risk of the work, and that Taylor's negligent act was that of a fellow servant for which the master is not responsible. Baughman replies that assumption of risk and the fellow-servant doctrine cannot be availed of because of the abolition of those defenses by provisions of the Texas Workmen's Compensation law. Rev.Stats.Texas, art. 8306, § 1.

Section 2 of that article says: "The provisions of this law shall not apply to actions to recover damages for personal injuries nor for death resulting from personal injuries sustained by * * * farm laborers, ranch laborers." Article 8309 in

defining employees within the act excepts "one whose employment is not in the usual course of trade, business, profession or occupation of his employer." Baughman is excluded from the benefit of the act by one or the other of these provisions. The evidence leaves no doubt that the employer had but one business, that of a ranch for the breeding, raising, and sale of cattle. It had considerable business, used automobiles and trucks, raised food for its men and feed for its cattle and horses, had wells to water stock and irrigate its crops, but had no activity that was not incidental to and in aid of its one business. It had men employed on the ranch who were set apart specially to look after and repair the automobiles and trucks, to attend to the wells and pumps, and to repair fences and buildings, but there was no separately organized department that could be called another business or occupation of the employer. Baughman's talents included some proficiency as a carpenter and that was his usual work. When he was first employed three years before his injury, he was assisting in building a ranch house and in some other permanent improvements. Probably that employment was not in the usual business of ranching, but more in the nature of new construction. But the small jobs and repairs about the ranch which afterwards occupied him were just the ordinary and recurring incidents of ranching and within that business. Besides carpentering he helped mix concrete for making watering troughs, helped run pipe lines to them, and to dig the ditches for the pipes. He says: "It is a fact that myself and the other hands there did what we were asked to do from day to day. Whatever we were called on to do as a workman we went and did the best we could." The work Baughman was employed in when hurt was hardly new construction. An old water tank was to be repaired and put back in use. He made a new foundation, washed out the tank, and burned old tar out of its bottom seams and calked them with plastic cement. He and Taylor put it on the foundation and Baughman was painting inside, Taylor volunteering to help paint also, though not directed to do so by the foreman of the ranch. If this was new construction and not in the usual course of ranching, it was not an employment within the act under article 8209. If it was within the usual course of the employer's business of ranching, and we hold it so to be, Baughman was only a ranch laborer and excluded by article 8306, § 2. His employer was under no duty to take out compensation insurance and the employment was under the old common law. Under the common law Baughman has no right of recovery. The tank was a safe enough place to work, except as the work itself of painting necessarily created some danger from breathing the fumes of the paint or setting them afire. If Baughman had been wholly inexperienced, he would have been entitled to warning of this danger, but he testifies that he had seen painting done and had done it himself; that he knew that fumes were given off that would cause sickness and were dangerous if exposed to fire; that he and Taylor were both becoming sick and knew it was due to fumes; that they could have come out for fresh air, but he thought he could finish painting. When Taylor proposed to smoke, Baughman knew he would strike a match, but says: "I was not thinking about what danger there was. If I had been thinking about that of course I would have thought about paint fumes being dangerous." The conclusion cannot be escaped that he knew the risk incident to his employment and assumed it, and that the employer had not failed in any duty of warning. The injury was most directly attributable to Taylor's striking the match. Baughman really consented to that, and it was at most the negligence of a fellow servant for which at common law the master is not responsible. It is urged that Taylor ought to have been warned of this danger by the master. But the master did not put Taylor to painting. Taylor proposed it himself, and Baughman, under whose immediate direction Taylor was working, consented. If Taylor was not a mere volunteer painter, the authority to paint came through Baughman and Baughman should have given the warning. In no other way could the master have given a warning, for no one else knew that Taylor was going to turn painter. Responsibility for this regrettable injury is not by the common law placed on the master, and the verdict was rightly directed against recovery.

Judgment affirmed.